UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GARY B. CROSSLAND *d/b/a* GOLD CROSS PROPERTIES, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | EP-18-CV-00085-DCG |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Gary B. Crossland's "Motion to Compel Discovery" (ECF No. 24) filed on September 14, 2018. Therein, Plaintiff seeks the documents from Defendant's internal claim investigation file regarding a separate building that he owns. Mot. at 2. Plaintiff argues that the documents are relevant because the separate building was damaged during the same storm that damaged the building at issue in this lawsuit. *Id.* at 3–4. According to Plaintiff, the documents are pertinent to his claims of breach of contract and breach of the duty of good faith and fair dealing because Defendant paid the claim on the separate building while denying the claim on the property at issue in this case. *Id.* at 2–4. Defendant objects to Plaintiff's demands on the grounds that the claim investigation file for the separate building is not relevant and the discovery of such information will not lead to admissible evidence. Resp. at 5–9. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

### I. APPLICABLE LAW

Under Rule 26(b),"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information

encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (quoting *Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)). "The party seeking discovery bears the initial burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Reynolds v. Cactus Drilling Co., LLC*, No. MO15CV00101DAEDC, 2015 WL 12660110, at *2 (W.D. Tex. Dec. 21, 2015). However, "[o]nce the party seeking discovery establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Id.*

The scope of discovery is within the sound discretion of the trial judge, *see Freeman v. United States*, 556 F. 3d 326, 341 (5th Cir. 2009), who may "tailor discovery narrowly and . . . dictate the sequence of discovery," *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998). However, the Court must limit discovery, if it determines, on motion or on its own, that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Rule 26(b), although broad, may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010).

## II. DISCUSSION

In support of its relevance argument, Defendant cites two cases, *Columbia Mut. Ins. Co. v. Kerrville Prof'l Properties, Ltd.*, No. SA-16-CA-00973-XR, 2017 WL 7805755 (W.D. Tex. July 12, 2017) and *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640 (S.D. Tex. Jan. 21, 2015). Resp. at 5. However, both of the cases are distinguishable. In *Columbia Mutual Insurance Company*, the court noted that the "other claims arose in entirely different factual contexts from the ones at issue here, and could involve different policy terms or a different type of policy." *Columbia Mut. Ins. Co. v. Kerrville Prof'l Properties, Ltd.*, No. SA-16-CA-00973-XR, 2017 WL 7805755, at *5 (W.D. Tex. July 12, 2017) (further stating, "The Court certainly hopes Columbia treated KPP's claim differently than others whose factual circumstances were undoubtedly different."). Further, the *Dizdar* court held that it would "not allow Plaintiffs to fish into unrelated third-party matters because that information cannot reasonably support whether *Plaintiffs'* claims were undervalued." *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) (additionally noting, "Even if Plaintiffs were able to establish an ostensible pattern or practice of undervaluation of claims in the Rio Grande Valley, it would not prove that this individual claim was undervalued."). The circumstances in the present case are quite different from those two. Here, the discovery sought is to a building where the factual circumstances are remarkably similar to the building at issue in this case. The separate building was damaged in the same storm, is located within two miles of the building at issue in the instant case, is also owned by Plaintiff, and also suffered roof damage. Mot. at 3–4. Moreover, by comparing the files, it would provide Plaintiff with an understanding of why the roof damage on the two buildings resulted in different

claim outcomes. Plaintiff is not on a fishing expedition and is not asking for overbroad discovery. Instead, his request is narrowly tailored and reasonable.

Defendant's next argument is that Plaintiff's discovery request would not lead to admissible evidence under Federal Rule of Evidence 403, so it should be denied. Resp. at 7–9. However, relevant information need not be admissible at trial for it to be discoverable. *See Merrill*, 227 F.R.D. at 470. "Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed." *Id.* At this stage in the litigation, the Court need not decide whether the information contained in the claim investigation file is admissible at trial. Instead, the Court will reserve that issue for a more appropriate time. *See Sully v. Freeman*, No. A-16-CV-818-RP-ML, 2017 WL 3457123, at *2 (W.D. Tex. Feb. 1, 2017) ("[T]he ultimate admissibility of [the] records will be made at trial and subject to motions in limine.").

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff Gary B. Crossland's "Motion to Compel Discovery" (ECF No. 24) is **GRANTED**.

**So ORDERED and SIGNED this** \_9th\_ **day of October 2018.**

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**